UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.

MICHAEL P. ELLARD

CASE NO. 2:19-CR-28-FtM-38-MRM

16 U.S.C. §§ 3372(a)(2)(A), 3373(d)(1)(B)
18 U.S.C. § 2

## INDICTMENT

The Grand Jury charges:

## INTRODUCTION

At all times material to this Indictment:

1. Defendant MICHAEL P. ELLARD, was a resident of the State of Florida and was engaged in the business of buying and selling reptiles within Florida and throughout the United States.

## The Lacey Act

2. The Lacey Act Amendments of 1981, 16 U.S.C. § 3371 et seq. (hereinafter "the Lacey Act"), made it unlawful for any person to knowingly transport, sell, receive, acquire, or purchase in interstate commerce any wildlife with a value in excess of $350, taken, possessed, transported or sold, in violation of any law or regulation of any State. 16 U.S.C. § 3372(a)(2)(A).

    a. The Lacey Act defined the term "wildlife" to mean any wild animal, whether alive or dead, including without limitation any wild mammal, bird, reptile, amphibian, mollusk, crustacean, arthropod, coelenterate, or other

invertebrate, whether or not bred, hatched, or born in captivity, and included any part, product, egg, or offspring thereof. 16 U.S.C. § 3371(a).

  b. The Lacey Act defined the term "taken" to mean "captured, killed, or collected." 16 U.S.C. § 3371(j)(1).

### State Law

  3. Virginia Code § 29.1-564 prohibited the taking, transportation, and possession of a species listed as endangered. Virginia Administrative Code, Title 4, § 15-20-130(B)(3) listed Wood Turtles as endangered. West Virginia Code of State Rules § 58-73-3.2 prohibited the taking and possession of Wood Turtles.

### **COUNT ONE**

On or about January 6, 2016, in the Middle District of Florida, the defendant,

### MICHAEL P. ELLARD,

did knowingly engage in conduct that involved the intent to sell wildlife with a market value in excess of $350.00, that is, Wood Turtles, and did knowingly transport said wildlife in interstate commerce from the State of Virginia and State of West Virginia to the State of Florida, knowing that said wildlife was taken and possessed in violation of and in a manner unlawful under the laws and regulations of the State of Virginia, specifically Virginia Code § 29.1-564, and the State of West Virginia, specifically West Virginia Code of State Rules § 58-73-3.2.

  All in violation of 16 U.S.C. § 3372(a)(2)(A), § 3373(d)(1)(B), and 18 U.S.C. § 2.

## COUNT TWO

On or about March 26, 2016, in the Middle District of Florida, the defendant,

MICHAEL P. ELLARD,

did knowingly engage in conduct that involved the intent to sell wildlife with a market value in excess of $350.00, that is, Wood Turtles, and did knowingly transport said wildlife in interstate commerce from the State of Virginia and State of West Virginia to the State of Florida, knowing that said wildlife was taken and possessed in violation of and in a manner unlawful under the laws and regulations of the State of Virginia, specifically Virginia Code § 29.1-564, and the State of West Virginia, specifically West Virginia Code of State Rules § 58-73-3.2.

All in violation of 16 U.S.C. § 3372(a)(2)(A), § 3373(d)(1)(B), and 18 U.S.C. § 2.

## COUNT THREE

On or about April 13, 2016, in the Middle District of Florida, the defendant,

MICHAEL P. ELLARD,

did knowingly engage in conduct that involved the intent to sell wildlife with a market value in excess of $350.00, that is, Wood Turtles, and did knowingly transport said wildlife in interstate commerce from the State of Virginia and State of West Virginia to the State of Florida, knowing that said wildlife was taken and possessed in violation of and in a manner unlawful under the laws and regulations of the State of Virginia, specifically Virginia Code § 29.1-564, and the State of West Virginia, specifically West Virginia Code of State Rules § 58-73-3.2.

3

All in violation of 16 U.S.C. § 3372(a)(2)(A), § 3373(d)(1)(B), and 18 U.S.C. § 2.

## FORFEITURE

1.  The allegations contained in Counts One through Three are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 16 U.S.C. § 3374 and 28 U.S.C. § 2461(c).

2.  Upon conviction of a violation of 16 U.S.C. § 3372, the defendant shall forfeit to the United States, pursuant to 16 U.S.C. § 3374 and 28 U.S.C. § 2461(c):

(a) All fish or wildlife or plants imported, exported, transported, sold, received, acquired, or purchased contrary to the provisions of 16 U.S.C. § 3372, or any regulation issued pursuant thereto; and

(b) All vessels, vehicles, aircraft, and other equipment used to aid in the importing, exporting, transporting, selling, receiving, acquiring, or purchasing of fish or wildlife or plants in a criminal violation of this chapter for which a felony conviction is obtained shall be subject to forfeiture to the United States if (A) the owner of such vessel, vehicle, aircraft, or equipment was at the time of the alleged illegal act a consenting party or privy thereto or in the exercise of due care should have known that such vessel, vehicle, aircraft, or equipment would be used in a criminal violation of this chapter, and (B) the violation involved the sale or purchase of, the offer of sale or purchase of, or the intent to sell or purchase, fish or wildlife or plants.

3.  If any of the property described above, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2461(c) and 18 U.S.C. § 982(b).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Jeffrey F. Michelland
Assistant United States Attorney

By: _____
Jesús M. Casas
Assistant United States Attorney
Chief, Fort Myers Division

FORM OBD-34
February 19

No. 2:19-cr-

## UNITED STATES DISTRICT COURT
Middle District of Florida
Fort Myers Division

THE UNITED STATES OF AMERICA

vs.

MICHAEL P. ELLARD

## INDICTMENT

Violations:   16 U.S.C. §§ 3373(a)(2)(A), 3373(d)(1)(B) and 18 U.S.C. § 2

A true bill,

*Kam Hust*
_____
Foreperson

Filed in open court this <u>27th</u> day

of February, 2019.

_____
Clerk

Bail $ _____

GPO 863 525