UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                           CASE NO.: 2:19-cr-28-SPC-MRM

MICHAEL P. ELLARD

# ORDER[1]

Before the Court is Defendant Michael P. Ellard's amended motion to travel internationally while on supervised release (Doc. 71), to which the Government and United States Probation Office oppose (Doc. 73).

Less than five years ago, the Court sentenced Ellard to fifteen months' imprisonment and three years' supervised release for capturing, transporting, and selling wood turtles. (Doc. 58). Having served his term of imprisonment, Ellard is on supervised release until July 2023. Conditions of his release include (1) needing the Court's permission before leaving the judicial district; and (2) following the probation officer's instructions on his conditions of supervision.

Ellard now moves the Court to allow him to travel to Conakry, Guinea so he can import "live harmless reptiles and amphibians." (Doc. 71 at 1). Doing

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

so will supposedly allow him to pay the court-ordered restitution and other monies owed, as importing reptiles and amphibians is his sole source of income.[2] Attached to his motion are a license to possess Class III wildlife from the Florida Fish and Wildlife Conservation Commission that expires in five months (Doc. 71-1), and a 2003 declaration for importing and exporting fish or wildlife (Doc. 71-2 at 1-2).

After considering the parties' arguments, record, and applicable law, the Court denies the motion for four reasons. First, letting Ellard travel to Africa to export/import wildlife undermines the 18 U.S.C. § 3553(a) factors the Court considered in sentencing him. While overseas, Defendant's probation officer could not monitor him. So his supervision would effectively be suspended while there. Such a situation would not promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to criminal conduct.

Second, Ellard does not even have the proper permits to import live animals from abroad. (Doc. 71 at 2). And it is questionable he will get any permits given his federal conviction. What is more, the documents attached to Ellard's motion are unhelpful. He gives a license to have Class III amphibians and reptiles. (Doc. 71-1). Yet the other documents are from nearly twenty

---

[2] This is not Ellard's first motion to travel overseas. The Court denied his first motion few months ago. (Doc. 70).

2

years ago. (Doc. 71-2). Ellard offers no argument on how these documents are important to his request to travel.

Third, Ellard does not explain why travelling internationally is crucial to his business. And he is hard-pressed to do so because of other means like social media and the Internet that may allow him to conduct his business without travelling.

Fourth, Defendant has made only one $200 restitution payment as of a few weeks ago. (Doc. 73 at 5). He has another $55,800 to go. (Doc. 62). Yet Ellard somehow has the money to travel to Africa.

In short, the interest of justice is best served in not permitting Ellard to travel internationally.

Accordingly, it is now

**ORDERED**

Defendant Michael P. Ellard's Amended Motion for International Travel (Doc. 71) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on May 5, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record